IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-99-226 (1) |
| | § | C.A. No. C-05-289 |
| BARRY WAYNE GUY, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DENYING MOTION TO REDUCE SENTENCE,
DENYING MOTION FOR APPOINTMENT OF COUNSEL,
DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court are several motions recently filed by Defendant Barry Wayne Guy ("Guy"). The first is a letter motion, received by the Clerk on June 6, 2005, in which Guy requests that the Court reduce his sentence and also requests the appointment of counsel in conjunction with his later-filed motion pursuant to 28 U.S.C. § 2255. (D.E. 35).[1] On June 8, 2005, the Clerk received from Guy a motion to vacate, set aside or correct his sentence pursuant to § 2255 (D.E. 34), which is deemed filed on June 6, 2005.[2]

For the reasons set forth herein, Guy's motion to reduce sentence and motion to appoint counsel are DENIED. As to Guy's § 2255 motion, the Court concludes that it is not necessary to order

---

[1]       Dockets entries refer to the criminal case, C-99-cr-226.

[2]       Although Guy's motion states that it was executed on June 8, 2005, the envelope it arrived in is postmarked June 6, 2005. (D.E. 34 at p.7). Additionally, it is difficult to see how the motion could have been signed and received by the Clerk on the same date. Thus, the Court presumes that it was delivered to prison authorities on June 6, 2005, the earliest date supported by the documentation, and it is thus deemed filed as of that date. Houston v. Lack, 487 U.S. 266, 276 (1988)(a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

1

a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. For the reasons set forth below, the Court DENIES Guy's motion as time-barred. Additionally, the Court DENIES Guy a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On September 23, 1999, Guy pleaded guilty to one count of a three-count indictment against him, as well as to a criminal information against him, pursuant to a written plea agreement. (D.E. 12, 14; see generally Presentence Investigation Report ("PSR")). On December 9, 1999, the Court sentenced Guy and judgment was entered against him on December 14, 1999. (D.E. 20-22). Guy timely appealed. (D.E. 23, 24). On October 23, 2000, the Fifth Circuit issued a per curiam opinion dismissing the appeal as frivolous and affirming his conviction and sentence. (D.E. 32, 33). Guy did not file a petition for writ of certiorari.

On June 6, 2005, the Clerk received Guy's letter motion to reduce sentence and motion for appointment of counsel (D.E. 35). The same motion also references arguments made in his later-filed § 2255 motion, and could thus also be construed as a supplement to his § 2255 motion. These motions (D.E. 35) and his motion seeking relief under § 2255 (D.E. 34), are now pending before the Court and are addressed herein.

### III.  DISCUSSION

**A.      Motion to Reduce Sentence**

In his letter motion, Guy informs the Court that he has found a "substantive error" in his sentencing, which caused him to receive an increased sentence.  Specifically, he believes his sentence was enhanced in a way that contradicted his plea agreement. He acknowledges that he is beyond the limitations period for a § 2255 motion, but nonetheless requests that the Court review his sentencing to see if any error was made.  The remainder of his letter motion describes the ways in which he has become an "entirely new man," while in prison and how he is now "reformed."  He expresses his remorse for his crimes and explains that he wants a new sentence in light of the error he believes occurred at sentencing.  He also attaches to his letter motion a number of documents reflecting his accomplishments while incarcerated.  (See D.E. 35).

To the extent his claims are properly brought in a motion under 28 U.S.C. § 2255, those claims are addressed in Sections B and C infra.  To the extent he seeks a reduction in his sentence based on his good behavior or reformation while in prison, this Court is without authority to grant the relief he seeks.  Rather, this Court has authority to modify or  correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

3

Guy fails to assert grounds for modification that fall into any of the categories above. Rather, he is simply asking for a reduced sentence based on the ways he has changed and become a "new person" while in prison. Therefore, the Court does not have authority to alter his sentence and his motion to reduce sentence (D.E. 35) is DENIED.

## B.     Statute of Limitations for § 2255 Motion

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3]  28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

As noted, Guy appealed, and the Fifth Circuit affirmed his conviction by order and judgment entered on October 23, 2000. The period for Guy to file a petition for writ of certiorari expired 90 days after that date, or on January 22, 2001. See S. Ct. R. 13(1); Clay, supra. Guy had one year from that date to file a § 2255 motion, or until January 22, 2002. 28 U.S.C. § 2255(1). His motion is deemed filed as of June 6, 2005. Thus, it was filed more than three years beyond the limitations period, as calculated under § 2255(1), and is untimely.

---

[3]     The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

C.      **Timeliness of <u>Booker</u> claim**

Apparently recognizing this, Guy argues that his motion should be deemed timely because it asserts a claim under the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Specifically, he argues that the Supreme Court's recent ruling in <u>Booker</u> "seems to allow for some flexibility within the original sentencing court, for review of what may have amounted to erroneous sentence increases." (D.E. 35 at 2). Because he relies on <u>Booker</u>, Guy therefore argues that his claim is timely under § 2255(3). <u>See</u> <u>supra</u> note 3; (D.E. 34 at Supp. Mem. at 3). This provision would render his claim timely only if <u>Booker</u> applies retroactively to cases already final on direct review when it was decided. Because this Court concludes that <u>Booker</u> does not apply retroactively, however, his sole claim based on <u>Booker</u> is not timely.

1.      **<u>Booker</u> Background**

To explain the Court's conclusions regarding the retroactivity of <u>Booker</u>, some background regarding both <u>Booker</u> and its predecessor, <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), is warranted. In <u>Blakely</u>, the Supreme Court held that the trial court's sentencing of the state defendant violated his Sixth Amendment right to a jury trial. Specifically, the court held that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant. <u>Blakely</u>, 124 S. Ct. at 2537-38. <u>Blakely</u> involved a defendant sentenced in a Washington state court pursuant to Washington's determinate sentencing scheme. <u>See</u> <u>generally</u> <u>id.</u>

<u>Booker</u> addressed <u>Blakely</u>'s impact on the federal sentencing guidelines, which are applied in federal criminal cases. <u>Booker</u> consists of two majority decisions. In the first majority opinion,

the Court held that <u>Blakely</u> applied to the federal guidelines.  As with the sentencing scheme at issue in <u>Blakely</u>, the mandatory nature of the federal sentencing guidelines implicated defendants' Sixth Amendment rights, because the guidelines can require judges to find facts and sentence defendants to more severe sentences than could be imposed based solely on facts found by the jury or admitted in the plea colloquy.  <u>Booker</u>, 125 S. Ct. at 750-51, 756.

In the second majority opinion, the Supreme Court discussed the remedy to be applied in light of its first holding.  The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole.  <u>Booker</u>, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory."  <u>Id.</u> at 757.  The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress.  <u>Id.</u>

For the reasons discussed in the next section of this Order, the Court concludes that relief under <u>Booker</u> is not available on collateral review to a defendant like Guy, whose conviction became final prior to the date <u>Booker</u> was decided, January 12, 2005.

### 2.      Retroactivity Analysis

Neither of the majority opinions states that <u>Booker</u> should be applied retroactively to convictions and sentences that are already final.  Instead, Justice Breyer's decision concerning the proper remedy simply indicates that the Court's <u>Booker</u> holdings should be applied "to all cases <u>on direct review</u>." <u>Booker</u>, 125 S. Ct. at 769 (emphasis added).[4]

---

[4]      The Court recognizes, of course, that retroactivity was not an issue in <u>Booker</u> or its companion case, <u>Fanfan</u>, both of which came to the Supreme Court as direct criminal appeals.  Thus, the quoted language arguably has

More pertinent to the issue of <u>Booker</u> and <u>Blakely</u> retroactivity is the Supreme Court's decision in <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519 (2004), handed down the same day as <u>Blakely</u>. In <u>Schriro</u>, the Supreme Court was faced with determining whether its decision in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), could be applied retroactively on collateral review. <u>Ring</u>, like <u>Blakely</u>, applied the principles of <u>Apprendi</u>. In <u>Ring</u>, the Court held that a jury must find the aggravating facts statutorily required to impose the death penalty. In <u>Schriro</u>, the Court first concluded that <u>Ring</u> was a new rule of procedure (as opposed to a substantive rule), and noted the general principle that new rules of procedure do not apply retroactively. 124 S. Ct. at 2522-23. It then determined that the rule in <u>Ring</u> did not fall within any of the narrow exceptions to the general principle, as set forth in <u>Teague v. Lane</u>, 489 U.S. 288 (1989), including the exception for "watershed rules of criminal procedure" essential to the fairness of the proceedings. <u>Schriro</u>, 124 S. Ct. at 2524-25. It concluded, therefore, that "<u>Ring</u> announced a new procedural rule that does not apply retroactively to cases already final on direct review." <u>Schriro</u>, 124 S. Ct. 2526.

This Court finds the reasoning in <u>Schriro</u> to be persuasive and pertinent here. Like the rule in <u>Ring</u>, the rule announced in <u>Blakely</u> (and extended to the federal guidelines in <u>Booker</u>) is a new rule of procedure, but does not fall within any of the <u>Teague</u> exceptions. Accordingly, <u>Blakely</u> and <u>Booker</u> do not apply retroactively to cases on collateral review.

The Fifth Circuit has not yet addressed whether <u>Booker</u> is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made <u>Booker</u> retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. <u>In re Elwood</u>, 408 F.3d 211 (5th Cir. 2005). The Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits have all

---

no meaning as to <u>Booker</u>'s retroactivity in collateral proceedings.

addressed the retroactivity of <u>Booker</u> on initial collateral review, however, and have reached the same conclusion as the Court does herein.  <u>See</u> <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005)(concluding that <u>Booker</u> states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); <u>United States v. Humphress</u>, 398 F.3d 855 (6th Cir. 2005)(same); <u>Varela v. United States</u>, 400 F. 3d. 864 (11th Cir. 2005)(same); <u>Guzman v. United States</u>, 404 F.3d 139 (2d Cir. 2005)(same); <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. May 17, 2005)(same); <u>United States v. Bellamy</u>, __ F.3d __, 2005 WL 1406176 (10th Cir. June 16, 2005)(same).

Because the Court concludes that <u>Booker</u> is not retroactive to cases on collateral review, and because Guy's conviction became final prior to January 12, 2005, he is not entitled to relief under <u>Booker</u>.  His <u>Booker</u> claim and his motion are untimely.

## D.      Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Guy has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an

8

overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Guy has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Guy is not entitled to a COA.

## E.    Motion for Appointment of Counsel

In light of the Court's denial of his substantive motions, there is no need to appoint counsel to represent Guy. His motion for appointment of counsel (D.E. 35) is therefore DENIED.

## IV.  CONCLUSION

For the above-stated reasons, Guy's motion to reduce sentence and motion to appoint counsel (D.E. 35) are DENIED. His motion under 28 U.S.C. § 2255 (D.E. 34) is likewise DENIED. Finally, the Court also DENIES him a Certificate of Appealability.

ORDERED this 23rd day of June, 2005.

Janis Graham Jack
United States District Judge

9